UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
In re:                                             Chapter 13

Garrett Bernard Tupper, Jr.,                       Case No. 8-24-73979-las

                              Debtor.
----------------------------------------------------------------x

MEMORANDUM ORDER GRANTING IMMEDIATE AND PROSPECTIVE IN REM
RELIEF FROM AUTOMATIC STAY AND RELIEF FROM THE CO-DEBTOR STAY

SN Servicing Corporation as servicer for U.S. Bank Trust National Association as Trustee of the Dwelling Series IV Trust (the "Mortgagee"), filed a motion, dated November 15, 2024 (the "Motion") [Dkt. No. 28], seeking an order (i) pursuant to 11 U.S.C. § 362(d)(4), granting *in rem* relief from the automatic stay with respect to the residential real property located at 537 Liberty Avenue, Williston Park, NY 11596 ("Property"), (ii) pursuant to 11 U.S.C. § 362(d)(1), vacating the automatic stay to permit it to exercise its rights and remedies with respect to the Property, (iii) pursuant to 11 U.S.C. § 1301(c), vacating the co-debtor stay in effect pursuant to 11 U.S.C. § 1301(a), and (vi) pursuant to Bankruptcy Rule 4001(a)(3), granting waiver of the 14-day stay. By Order dated November 15, 2024 [Dkt. No. 29], the Court scheduled a hearing on the Motion. Due and proper notice of the Motion was made on all necessary parties as evidenced by the certificate of service filed by the Mortgagee. [Dkt. No. 31]. Garrett Bernard Tupper, Jr. (the "Debtor") filed opposition to the Motion on November 19, 2024. [Dkt. No. 33]. Debtor's wife, Aileen Tupper, the sole borrower and obligor on the mortgage note, did not file a response to the Motion. In his opposition, Debtor principally argues that a Judgment of Foreclosure and Sale, dated August 5, 2022 and entered on August 8, 2022 ("Judgment of Foreclosure and Sale") in favor of the Mortgagee in the Supreme Court of the State of New York, County of Nassau ("State Court"), must be vacated.

1

The Court held a hearing on the Motion on November 21, 2024. Debtor appeared *pro se*, Michael Rozea, Esq. of Friedman Vartolo, LLP appeared on behalf of the Mortgagee, and Michael Macco, Esq., the Chapter 13 Trustee, appeared. The co-debtor did not attend the hearing. The Court has carefully considered the parties' submissions and arguments, and the law pertaining to this matter, and for the reasons set forth on the record at the Hearing and as stated below, the Motion is granted.

I.     Jurisdiction

The Court has jurisdiction over the Motion under 28 U.S.C. § 1334 and the Standing Order of Reference entered by the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 157(a), dated August 28, 1986, as amended by Order dated December 5, 2012. Proceedings seeking relief from the automatic stay are core proceedings that the Court may hear and decide. 28 U.S.C. § 157(b)(1), (b)(2)(G).

II.    Discussion

The Court presumes the parties' familiarity with the facts and procedural background of Debtor's two prior chapter 13 cases, both of which were dismissed by orders of this Court, and the State Court foreclosure proceedings concerning the Property.[1]

    A.     Stay Relief Pursuant to 11 U.S.C. § 362(d)(1)[2]

For the following reasons, the Mortgagee has demonstrated "cause" under 11 U.S.C. § 362(d)(1) for granting relief from the automatic stay to permit it to exercise its rights and remedies with respect to the Property. First, Debtor has (i) not made any post-petition

---

[1] *See* Bankr. Case No. 8-22-73436; Bankr. Case No. 8-23-72869, Dkt. Nos. 7, 15, 23, 48, 53, 68, 69, 72, 92, 107-112; Memorandum and Order dated August 30, 2024 ("District Court August 2024 Memorandum and Order"), Case Nos. 2:23-cv-6644, 2:23-cv-9242, and 2:24-cv-1266 (E.D.N.Y.).

[2] The Court made similar findings in Debtor's second bankruptcy case in granting immediate stay relief as set forth in its Order dated December 7, 2023. Those findings remain applicable in this bankruptcy case and are restated in this Memorandum Order.

mortgage payments and (ii) failed to satisfy his burden of proof to demonstrate that the Mortgagee's interest in the Property is adequately protected. *See* 11 U.S.C. § 362(g). No offer of adequate protection was forthcoming, and Debtor's proposed chapter 13 plan [Dkt. No. 19] does not provide for any payments to the Mortgagee. To the contrary, Debtor remains steadfast in his claim that he is not indebted to the Mortgagee despite entry of the Judgment of Foreclosure and Sale.

Second, "cause" also exists after application of the relevant factors set forth in *Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.)*, 907 F.2d 1280, 1286 (2d Cir. 1990), for granting relief from the automatic stay under 11 U.S.C. § 362(d)(1). Specifically, the Court finds applicable here: (i) the first factor in that relief to proceed in state court would result in partial or complete resolution of the issues, (ii) the second factor in that any state court action would not interfere with the bankruptcy case and the trustee would be notified of any surplus arising from a foreclosure sale, (iii) the fourth factor in that the state court is a tribunal with the necessary expertise to hear and determine foreclosure actions, (iv) the seventh factor in that litigation of a foreclosure action before the state court would not prejudice the interests of other creditors and to the extent there is any surplus arising from a foreclosure sale, the trustee would be notified of such surplus; (v) the tenth factor in that the interests of judicial economy and expeditious and economical resolution of litigation favor granting relief from stay to allow the parties to proceed before the state court; and (vi) the twelfth factor in that the impact of the stay and the balance of harms also favor granting relief from the stay in light of the history of non-payment.

Furthermore, as previously explained to Debtor in his second bankruptcy case in which he alleged that the Judgment of Foreclosure and Sale must be vacated, lower federal courts lack subject matter jurisdiction under the *Rooker-Feldman* Doctrine, *see Rooker v.*

*Fidelity Trust Co.*, 44 S.Ct. 149 (1923), and *District of Columbia Court of Appeals v. Feldman*, 103 S.Ct. 1303 (1983), to review the State Court Judgment of Foreclosure and Sale. *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 425 (2d Cir. 2014). Based on the record placed before the Court, the procedural requirements of the *Rooker-Feldman* Doctrine were clearly satisfied and Debtor's collateral attack on the Judgment of Foreclosure and Sale is barred by *Rooker-Feldman*. Debtor's remedy lies in seeking modification or reversal of the Judgment of Foreclosure and Sale in an appropriate and timely appeal in state court. Additionally, as also pointed out in Debtor's last bankruptcy case, Debtor's claim is subject to the preclusion principles of res judicata and collateral estoppel.

B.     In Rem Relief Pursuant to 11 U.S.C. § 362(d)(4)

The Court also finds *in rem* relief in this case to be appropriate as to the Mortgagee's interest in the Property under 11 U.S.C. § 362(d)(4). Pursuant to 11 U.S.C. § 362(d)(4), the court shall grant *in rem* relief from the automatic stay with respect to a secured creditor's interest in real property if the court finds "the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved . . . multiple filings affecting such real property." 11 U.S.C. § 362(d)(4)(B). If recorded in compliance with applicable state laws governing notices of interest or liens in real property, an *in rem* order shall be binding in any subsequent bankruptcy filing purporting to affect the real property for two (2) years from the entry of such order. *Id.* The creditor bears the burden of proof that the multiple bankruptcy filings are part of a "scheme to hinder, delay [or] defraud." *In re Montalvo*, 416, B.R. 381, 386 (Bankr. E.D.N.Y. 2009). A bankruptcy court can infer an intent to hinder, delay, and defraud creditors from the fact of serial filings alone without holding an evidentiary hearing. *In re Richmond*, 513 B.R. 34, 38 (Bankr. E.D.N.Y. 2014) (internal quotations and citations omitted). "The timing and sequencing of the filings [are] also significant. . . . The

uncontroverted record and lack of any good faith prosecution of these cases allow [the] Court to draw a permissible inference and find that the instant petition was part of a scheme of the [d]ebtor to delay, hinder, and defraud." *Montalvo*, at 387 (inferring the existence of a scheme on the part of the debtor to delay, hinder or defraud creditor as set forth under 11 U.S.C. § 362(d)(4) where there were six bankruptcy filings, each of which were filed on the eve of or shortly before significant events affecting the real property); *see also In re Blair*, Nos. 09-76150-ast, 09-77562-ast, 2009 WL 5203738, at *4 (Bankr. E.D.N.Y. Dec. 21, 2009) ("[M]ere timing and filing of several bankruptcy cases is an adequate basis from which a court can draw a permissible inference that the filing of a subsequent case was part of a scheme to hinder, delay, and defraud creditors."). The focus of 11 U.S.C. § 362(d)(4) "is the effect of the filing on the secured creditor's ability to utilize the full complement of powers granted under applicable state law" and thus, "the conduct of the debtor while in bankruptcy is less relevant than the actual timing and existence of multiple filings." *In re Merlo,* 646 B.R. 389, 395 (Bankr. E.D.N.Y. 2022). "The existence of multiple filings on the eve of foreclosure alone . . . is sufficient to establish a presumption of a scheme to hinder or delay the creditor, subject to the debtor's right to challenge this presumption." *Id.* (finding three bankruptcy filings within days prior to scheduled foreclosure sales supports a funding of a scheme to hinder or delay the creditor and warrants granting in rem relief).

As set forth below, Debtor has filed three chapter 13 cases within the past two and one-half years. Each bankruptcy filing invoked the automatic stay on the eve of a scheduled foreclosure sale.

        i.   <u>First Bankruptcy Case</u>

Debtor first filed for relief under chapter 13 on December 5, 2022, Case No. 8-22-73436, which stayed a foreclosure sale scheduled for December 7, 2022. Debtor's first chapter

5

13 case was dismissed by Order dated March 9, 2023 on the Trustee's motion for failure to provide certain required documentation and file amended schedules and an amended chapter 13 plan.

### ii. Second Bankruptcy Case

After dismissal of Debtor's first chapter 13 case, the Mortgagee scheduled a second foreclosure sale for August 8, 2023. Having failed to obtain a stay of the foreclosure sale from both the state trial court and appellate court, Debtor filed his second bankruptcy case under Case No. 8-23-72869 on August 7, 2023, which stayed the foreclosure sale scheduled for the very next day. 11 U.S.C. § 362(a). In his second case, Debtor objected to the Mortgagee's proof of claim, which the Court denied pursuant to an Order dated December 8, 2023. As discussed above, the Court also granted the Mortgagee relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) and relief from the co-debtor stay pursuant to 11 U.S.C. § 1301(c) pursuant to an Order dated December 7, 2023. Additionally, this Court entered an Order on February 2, 2024 granting the Trustee's motion to dismiss Debtor's second chapter 13 case because Debtor failed to propose a feasible chapter 13 plan ("Dismissal Order"). Debtor appealed the Court's December 7, 2023 stay relief order on December 18, 2023, and appealed the Court's Dismissal Order on February 16, 2024.

Pursuant to the Memorandum and Decision dated August 30, 2024, U.S. District Court Judge Choudhury dismissed Debtor's appeals. Judge Choudhury noted that Debtor failed to prosecute his appeal of the Dismissal Order in the five months the appeal was pending despite the U.S. District Court's repeated instructions, orders, and warnings. *See* District Court August 2024 Memorandum Decision and Order, at 8-9. Judge Choudhury also found Debtor's "repeated filings of bankruptcy actions right before scheduled foreclosure sales raises an inference of bad faith." *Id.* at 9.

### iii. Pending Action before the U.S. District Court

While Debtor's appeals of the Dismissal Order and the stay relief order were pending, Debtor commenced a separate action on April 5, 2024 in the U.S. District Court, Case No. 2:24-cv-92582-GRB-SIL ("U.S. District Court Action"), against the State of New York, Justice David P. Sullivan, Maureen O'Connell, the Nassau County Clerk, and various attorneys, including the Mortgagee's attorneys and Debtor's own attorney in the foreclosure action and first bankruptcy case. Debtor did not name the Mortgagee or servicer as a defendant in the U.S. District Court Action. In the meantime, the Mortgagee scheduled a foreclosure sale of the Property for October 21, 2024. On October 15, 2024, Debtor filed an *ex parte* emergency motion seeking a temporary restraining order to halt the foreclosure sale. Pursuant to the Report and Recommendation, dated October 16, 2024 and entered on October 17, 2024, Magistrate Judge Locke recommended that Debtor's request for a temporary restraining order be denied due to Debtor's procedural failure to provide notice of his request for a temporary restraining order and failure to identify an applicable exception to the Anti-Injunction Act, which preludes a federal court from granting an injunction to stay proceedings in a state court. 28 U.S.C. § 2283. Having failed in his effort to stay the scheduled foreclosure sale, Debtor again turned to this Court to seek the benefit of the automatic stay.

### iv. Third Bankruptcy Case

Debtor filed his third chapter 13 case on October 17, 2024. The filing implicated the automatic stay under 11 U.S.C. § 362(a). Accordingly, the October 21st foreclosure sale was canceled. On October 23, 2024, the Trustee filed a motion to dismiss Debtor's third chapter 13 case with prejudice with a bar to refiling another chapter 13 case for a period of 180 days. [Dkt. No. 11].[3]

---

[3] The Trustee's motion to dismiss was heard on November 21, 2024 and, for the reasons set forth on the record of

In the Statement of Financial Affairs filed in his third chapter 13 case, Debtor stated he was not married and yet his Schedule I: Your Income indicates that he is not employed and receives $3,736.48 in income from his non-filing spouse. [Dkt. No. 13]. Debtor also failed to disclose in his Statement of Financial Affairs any litigation to which he was a party in the preceding one-year period, including the trial court and appellate proceedings in respect of the foreclosure action and the U.S. District Court Action he had commenced in April of 2024 and which is currently stayed by his third bankruptcy filing. *Id.* On November 1, 2024, despite entry of the Judgment of Foreclosure and Sale which set forth the indebtedness owed to the Mortgagee, Debtor filed proofs of claim on behalf of JPMorgan Chase and SN Servicing Corp. asserting these entities have a claim in the amount of $0.00. [Dkt. Nos. 14, 15]. On November 4, 2024, Debtor filed his chapter 13 plan [Dkt. No. 19], which proposes to pay "$0.00" for a period of 60 months. On November 12, 2024, Debtor failed to appear at the initial meeting of creditors held pursuant to 11 U.S.C. § 341 and submit to an examination under oath as required under 11 U.S.C. § 343.

On November 10, 2024, Debtor filed a Notice of Cancellation with this Court arguing that he had previously exercised a right of recission and cancelled the mortgage indebtedness on April 8, 2014. [Dkt. No. 22]. However, in Debtor's second chapter 13 case, this Court noted that the State Court specifically found that Debtor failed to rescind the mortgage loan. *See Dismissal Order*, n.5. As set forth in a Short Form Order dated August 5, 2022, the State Court made the following findings:

> Here, the defendants' motion for leave to renew and reargue the 9/24/19 order asserts, in sum, that the plaintiff failed to provide disclosure in accordance with the federal Truth in Lending Act and that they timely exercised their discretion to rescind the loan agreement under that law. However, the 4/8/14 letter upon which they rely . . . was not part of their

---

the hearing, the Court granted the motion. The dismissal of Debtor's third chapter 13 case is the subject of a separate order.

> original motion . . . and no reasonable justification for its omission has been provided . . . . Conversely, the plaintiff's initial motion included verification that the disclosure had, in fact, been provided to the defendants on 10/19/12 . . . . The record therefore establishes that the defendants failed to rescind the loan.
>
> In addition, the referee's 2/18/20 report is substantially supported by the record including the 12/5/19 affidavit of the plaintiff's representative, Christopher Randolph, which is premised upon his personal knowledge and accompanying documentary evidence.
>
> Accordingly, the defendants' motion, pursuant to CPLR 2221[d] and [e] and 4403, for leave to renew and reargue their motion to compel and reject the referee's report are denied and the plaintiff's motion, pursuant to CPLR 4403 and RPAPL § 1351, to confirm the referee's report and for a Judgment of Foreclosure and Sale is granted.

*Id.*; *Opposition to Debtor's Motion to Disallow Proof of Claim of SN Servicing Corporation*, Ex. A. [Bankr. Case No. 8-23-72869, Dkt. No. 53].

With this case history in mind, the Court finds a pattern of multiple bankruptcy filings coupled with Debtor's failure to properly prosecute his bankruptcy cases by, among other things, proposing and confirming a feasible repayment plan. Each of the filings were designed to stay a scheduled foreclosure sale. As stated above, Debtor filed his second bankruptcy case after the State Court denied his application for a temporary restraining order to stop the foreclosure sale and Debtor filed this third bankruptcy case after the U.S. District Court recommended denial of his request for a temporary restraining order. Moreover, as noted by U.S. District Court Judge Choudhury, Debtor's repeated filings on the eve of a foreclosure sale raises an inference of bad faith, which inference has not been rebutted. Here, in his third chapter 13 case, Debtor seeks the benefit of the automatic stay not for the purpose of proposing a confirmable repayment plan but rather to stop the legitimate efforts of the Mortgagee in the exercise of its rights under the Judgment of Foreclosure and Sale while maintaining, as he has done repeatedly in the past, that the Judgment of Foreclosure and Sale must be vacated – relief that he is simultaneously seeking in the District Court Action.

As noted above, in Debtor's second chapter 13 case, this Court previously explained in its December 7, 2023 Order granting Mortgagee's request for relief from the automatic stay that lower federal courts lack subject matter jurisdiction under the *Rooker-Feldman* Doctrine to review the Judgment of Foreclosure and Sale issued by the State Court.

Further, Debtor's chapter 13 plan proposing to pay his creditors nothing over the five-year plan payment period and his filing of proofs of claims on behalf of the secured creditors asserting $0.00 amount owed demonstrates that Debtor did not file this chapter 13 case to reorganize his debts.[4] In short, Debtor wishes to stall the administration of his chapter 13 case, gain the benefit of the automatic stay, and litigate here and in the U.S. District Court Action his claim that the Judgment of Foreclosure and Sale must be vacated because he rescinded the mortgage and mortgage debt in April 2014,[5] an issue that he previously litigated in State Court without success.[6] Based on the record placed before the Court, and consideration of Debtor's prior two bankruptcy filings, it is evident that the timing and sequence of Debtor's three chapter 13 cases are part of a scheme to hinder, delay or defraud the Mortgagee and prevent the Mortgagee from exercising its rights and remedies with respect to the Property. To deny *in rem* relief under such facts and circumstances would sanction a continued abuse by Debtor of the bankruptcy process. Accordingly, the Court finds *in rem* relief under 11 U.S.C. § 362(d)(4) to be warranted.

---

[4] After litigating the issue in State Court without success and the State Court's denial of a stay of the foreclosure sale, Debtor could have proposed a feasible plan of reorganization that would cure the mortgage arrears over the life of the plan and reinstate the mortgage. The Court remains puzzled as to why Debtor has not done so.

[5] As noted in this Court's prior Dismissal Order, Debtor's claim that he rescinded the mortgage in April 2014 is belied by the fact that he entered into a mortgage loan modification three years later in 2017 and made payments under the modification before defaulting.

[6] While Debtor again cites *In re Davis*, 6:20-bk-06209-LVV (Bankr. M.D. Fla. Sept. 15, 2021), for the proposition that the Bankruptcy Court can void an underlying mortgage lien and disallow a secured creditor's claim under the Truth in Lending Act, the Court previously determined in its Dismissal Order in the second bankruptcy case that the underlying facts in *Davis* are distinguishable from Debtor's situation and no final judgment was entered in the underlying *Davis* foreclosure action.

### C.     Co-Debtor Stay Relief Pursuant to 11 U.S.C. § 1301(c)

The Court also finds relief from the co-debtor stay imposed under 11 U.S.C. § 1301(a) as to Aileen Tupper is warranted under 11 U.S.C. § 1301(c). A court may grant relief from the co-debtor stay to the extent that

> (1) as between the debtor and the individual protected under subsection (a) of this section, such individual received the consideration for the claim held by such creditor;
> (2) the plan filed by the debtor proposes not to pay such claim; or
> (3) such creditor's interest would be irreparably harmed by continuation of such stay.

11 U.S.C. § 1301(c)(1)-(3).

Pursuant to 11 U.S.C. § 1301(c)(1), the "co-debtor stay may be lifted only where the debtor is in fact the 'codebtor' on the obligation . . . and received none of the consideration." *In re Lemma*, 394 B.R. 315, 320 (Bankr. E.D.N.Y. 2008). Although Debtor and his wife, Aileen Tupper, both signed the mortgage, Aileen Tupper was the only obligor and thus recipient of the consideration under the mortgage note. [Dkt. No. 28, Ex. A]. Nothing in the record reflects that Debtor received any of the consideration. Furthermore, co-debtor stay relief is also appropriate under 11 U.S.C. § 1301(c)(2) as Debtor does not propose to pay the Mortgagee's secured claim. Debtor's chapter 13 plan proposes to pay "$0.00" per month for a period of 60 months. [Dkt. No. 19]. Indeed, Debtor filed proofs of claim on behalf of SN Servicing Corp. and JPMorgan Chase asserting they each have a claim in the amount of $0.00. [Dkt. Nos. 14, 15]. As for relief under 11 U.S.C. § 1301(c)(3), the Court also finds the Mortgagee will be irreparably harmed by the continuation of the co-debtor stay to prevent the sale of the Property at foreclosure given the history of Debtor's three bankruptcy filings in the past two and a half years, litigation before the State Court and U.S. District Court, and the lack of any offer of adequate protection of the Mortgagee's interest in the Property. The mortgage note remains contractually due for the September 2017 payment and more than seven (7) years

has passed without any payment to the Mortgagee. The Mortgagee served the Motion on Aileen Tupper and she did not file any response to the Motion nor appear at the November 21, 2024 hearing in opposition to the relief requested. Accordingly, relief from the co-debtor as to Aileen Tupper is warranted under 11 U.S.C. § 1301(c)(1), (2) and (3).

          D.          <u>Waiver of 14 Day Stay under Bankruptcy Rule 4001(a)(3)</u>

Pursuant to Bankruptcy Rule 4001(a)(3), an order granting a motion for relief from the automatic stay is stayed for fourteen (14) days after the entry of the order, unless the Court orders otherwise. Fed. R. Bankr. P. 4001(a)(3). Under special circumstances, courts have waived the 14-day stay on the effective date of an order where they also granted in rem relief. *In re Buczek*, 653 B.R. 303, 309 (Bankr. W.D.N.Y. 2023); *In re Kearns*, 616 B.R. 458, 471 (Bankr. W.D.N.Y. 2020).

As noted by the Mortgagee, given the adverse impact Debtor's repetitive filings have had on the Mortgagee's efforts to exercise its rights and remedies under the Judgment of Foreclosure and Sale to sell the Property, no legitimate purpose could be served by staying the requested relief any longer. Debtor filed his third bankruptcy case on October 17, 2024, the very same day he failed in his effort to obtain a temporary restraining order in the U.S. District Court to stop the foreclosure sale scheduled for October 21, 2024. The record demonstrates that Debtor clearly has no intention of participating in the bankruptcy process by, among other things, submitting to an examination under oath as required by 11 U.S.C. § 343 and proposing and confirming a feasible reorganization plan. Additionally, Debtor has received the benefit of the automatic stay for close to two months. Accordingly, the Court finds waiver of the 14-day stay under Bankruptcy Rule 4001(a)(3) to be appropriate.

III.    <u>Conclusion</u>

For all of the foregoing the reasons and as set forth on the record at the November 21,

2024 hearing, the Motion for relief from the automatic stay is granted. The automatic stay imposed in this case by 11 U.S.C. § 362(a) is vacated under 11 U.S.C. § 362(d)(1), and the co-debtor stay as to Aileen Tupper and imposed by 11 U.S.C. § 1301(a) is vacated under 11 U.S.C. § 1301(c) to allow the Mortgagee's enforcement of its rights in, and remedies in and to, the Property. The 14-day stay of this Order is waived under Bankruptcy Rule 4001(a)(3).

Furthermore, pursuant to 11 U.S.C. § 362(d)(4), and provided this Order is recorded in conformity therewith, this Order granting *in rem* relief as to the Mortgagee's interest in the Property shall be binding in any other case filed under the Bankruptcy Code purporting to affect the Property that is filed not later than two (2) years after the date of this Order, such that the automatic stay under 11 U.S.C. § 362(a) shall not apply to the Mortgagee's interest in the Property, except that a debtor in a subsequent case under the Bankruptcy Code may move for relief from this Order based upon changed circumstances or for good cause shown, after notice and a hearing.

So Ordered.



Dated: December 10, 2024
Central Islip, New York

*Louis A. Scarcella*
**Louis A. Scarcella**
**United States Bankruptcy Judge**