UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

Garrett Bernard Tupper, Jr.,

          Debtor.
-----------------------------------------------------------X

Chapter 13

Case No.: 8-24-73979-las

# MEMORANDUM ORDER DISMISSING
# CHAPTER 13 CASE WITH PREJUDICE

Proceeding *pro se*, Garrett Bernard Tupper, Jr. ("Debtor") filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code on October 17, 2024. This is Debtor's third chapter 13 case within a two year period. The commencement of each chapter 13 case implicated the automatic stay under 11 U.S.C. § 362(a), which stayed a scheduled foreclosure sale of his residence located at 537 Liberty Avenue, Williston Park, New York 11596 ("Property") by SN Servicing Corporation, as servicer for U.S. Bank Trust National Association as Trustee of the Dwelling Series IV Trust (the "Mortgagee"), pursuant to a Judgment of Foreclosure and Sale entered by the Supreme Court of the State of New York, County of Nassau, in favor of the Mortgagee on August 8, 2022 ("Judgment of Foreclosure and Sale"). The Chapter 13 Trustee now seeks to dismiss this latest chapter 13 case with prejudice for 180 days pursuant to 11 U.S.C. §§ 105(a), 349(a) and 1307(c) ("Motion"). [Dkt. No. 11]. Debtor responded with "Notice of Cross Motion with Answer" [Dkt. No. 26], which accuses JP Morgan Chase Bank with wrongdoing but does not address the substantive issues raised in the Chapter 13 Trustee's Motion. The Mortgagee filed a limited objection requesting that the Court adjourn the Chapter 13 Trustee's Motion until the Mortgagee's motion for immediate and prospective *in rem* relief from the automatic stay against the Property can be determined. [Dkt. No. 30].

The Court held a hearing on the Motion on November 21, 2024. Debtor appeared *pro*

*se*, Michael Rozea, Esq. of Friedman Vartolo, LLP appeared on behalf of the Mortgagee, and Michael Macco, Esq., the Chapter 13 Trustee, appeared. The Court has carefully considered the parties' submissions and arguments, and the law pertaining to this matter, and for the reasons set forth on the record at the hearing and as stated below, the Chapter 13 Trustee's Motion is granted.

I. Jurisdiction

The Court has jurisdiction over the Motion under 28 U.S.C. § 1334 and the Standing Order of Reference entered by the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 157(a), dated August 28, 1986, as amended by Order dated December 5, 2012.

II. Background

The Court presumes the parties' familiarity with the facts and procedural background of Debtor's two prior chapter 13 cases, both of which were dismissed by orders of this Court, and the state court foreclosure proceeding concerning the Property. Accordingly, the Court recites only those facts relevant to the disposition of the Motion.

A. The First Chapter 13 Case

Debtor filed for chapter 13 relief on December 5, 2022, Case No. 8-22-73436, which stayed the Mortgagee's foreclosure sale scheduled for December 7, 2022. While Debtor listed the mortgage debt as disputed in his bankruptcy schedules, he neither sought a determination as to the validity of the Mortgagee's secured claim nor filed an objection to the Mortgagee's proof of claim. Rather, Debtor's chapter 13 plan was premised on obtaining a mortgage loan modification. Debtor previously sought and obtained a loan modification effective June 1, 2017. Debtor's first chapter 13 case was dismissed by Order dated March 9, 2023 on the Trustee's motion for failure to provide certain required documentation and file amended schedules and an amended chapter 13 plan.

B. <u>The Second Chapter 13 Case</u>

After dismissal of Debtor's first chapter 13 case, the Mortgagee scheduled a second foreclosure sale for August 8, 2023. On or about August 3, 2023, Debtor and his spouse sought an *ex parte* emergency order to show cause with a temporary restraining order from the state trial court to stop the foreclosure sale and set aside the Judgment of Foreclosure and Sale. The state court declined to sign the proposed order to show cause and Debtor and his spouse then sought a stay of the foreclosure sale from the New York State Supreme Court, Appellate Division, Second Department. That application was denied on August 4, 2023.

Having failed to obtain a stay of the August 8, 2023 scheduled foreclosure sale from the both the state trial court and appellate court, Debtor, proceeding *pro se*, filed his second chapter 13 case on August 7, 2023. The filing of the chapter 13 petition stayed the foreclosure sale scheduled for the very next day. 11 U.S.C. § 362(a). Debtor filed his bankruptcy schedules on August 18, 2023, listing the mortgage debt in Schedule E/F as a disputed unsecured nonpriority claim and the nature of the claim as "Mortgage/Failure to Record Release of Lien". Other than listing the federal and New York state taxing authorities for noticing purposes only, Debtor did not list any other creditor. On September 10, 2023, Debtor filed amended schedules, listing the mortgage debt in Schedule E/F as contingent and unliquidated, and stating that the loan was cancelled pursuant to 15 U.S.C. § 1635, Truth in Lending Act ("TILA"). On January 16, 2024, Debtor filed another set of amended schedules, now listing the Mortgagee's debt as disputed and the nature of the claim is "Mortgage/Failure to Record Release of Lien".

On October 2, 2023, Debtor filed a third amended chapter 13 plan, which was premised on obtaining a loan modification with a new principal balance of $545,191.00, interest calculated at 3.5% interest and amortized over 40 years. Yet, under sections 3.4 and 3.6 of the third amended plan, Debtor stated an intention to seek avoidance of the mortgage

3

lien and have the claim recharacterized as a general unsecured claim. The Mortgagee objected to confirmation of the amended plan noting that (i) it filed Proof of Claim No. 2 on August 29, 2023 showing arrears of $230,959.77 due and outstanding as of the petition date and (ii) Debtor's amended plan did not provide for monthly mortgage payments under the current mortgage loan nor sufficient payment to cure the arrears over the life of the plan should Debtor fail to obtain a loan modification.

After filing his third amended plan, Debtor objected to the proof of claim filed by the Mortgagee asserting that the note and mortgage are void and the loan was cancelled pursuant to TILA. The Mortgagee filed a motion seeking relief from the automatic stay pursuant to 11 U.S.C. §§ 362(d)(1) and (d)(2) and co-debtor stay relief pursuant to 11 U.S.C. § 1301. The Mortgagee asserted, among other things, that no post-petition mortgage payments or adequate protection payments have been made and the loan is contractually due for the September 1, 2017 payment. The Court held hearings on Debtor's objection to the Mortgagee's proof of claim on October 17, 2023 and December 5, 2023 and on the Mortgagee's stay relief motion on December 5, 2023. Based upon the pleadings and the record made at the hearings, the Court found that the Mortgagee had demonstrated cause for vacating the automatic stay under 11 U.S.C. § 362(d)(1) and the relevant factors set forth in *Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.)*, 907 F.2d 1280, 1286 (2d Cir. 1990), and the Court lacked authority under the *Rooker-Feldman* doctrine, *see Rooker v. Fidelity Trust Co.*, 44 S. Ct. 149 (1923) and *District of Columbia Court of Appeals v. Feldman*, 103 S. Ct. 1303 (1983), to review and reverse the state court Judgment of Foreclosure and Sale. Accordingly, the Court granted the Mortgagee's motion for relief from the automatic stay and co-debtor stay and denied Debtor's objection to the Mortgagee's proof of claim. Orders to that effect were entered on December 7, 2023 and December 8, 2023, respectively. Debtor appealed the December 7, 2023 stay relief order but did not appeal this

Court's December 8, 2023 order denying his objection to the Mortgagee's proof of claim.

On December 4, 2023, the Chapter 13 Trustee filed a motion seeking an order dismissing this chapter 13 case pursuant to 11 U.S.C. § 1307(c) in light of the Court's denial of Debtor's objection to the Mortgagee's proof of claim and the relief from the automatic stay granted to the Mortgagee as to the Property. Moreover, the Chapter 13 Trustee contended Debtor's plan was not feasible to the extent the plan was based upon Debtor obtaining a mortgage loan modification. There was no evidence Debtor submitted a loan modification application to the Mortgagee and the Mortgagee objected to confirmation of Debtor's plan.

Debtor opposed the dismissal of the case arguing his chapter 13 plan was feasible because the mortgage loan was rescinded by a notice of cancellation dated April 8, 2014 and therefore, the note and mortgage were rendered void under TILA. In making his counterargument, Debtor acknowledged at the January 4, 2024 hearing on the motion to dismiss that: (i) the state foreclosure court granted the Mortgagee a Judgment of Foreclosure and Sale; (ii) he and his wife filed a motion for leave to renew and reargue their motion to compel disclosure and to reject the referee's report; (iii) the state court denied the motion to renew and reargue; (iv) the state trial court and appellate court denied Debtor's applications for a stay of the foreclosure sale pending appeal; and (v) he filed for bankruptcy relief to obtain the benefit of the automatic stay and have this Court declare the mortgage loan rescinded, which would void the Judgment of Foreclosure and Sale entered in favor of the Mortgagee.[1] Debtor argued he needed relief from the bankruptcy court because the state court refused to follow federal law to void the mortgage lien. On Debtor's last point, the Court noted at the hearing that the state foreclosure court entered a Short Form Order dated

---

[1] Debtor cited to *In re Davis*, 6:20-bk-06209-LVV (Bankr. M.D. Fla. Sept. 15, 2021) for the proposition that the Bankruptcy Court can void an underlying mortgage lien and disallow a secured creditor's claim under the Truth in Lending Act. However, the underlying facts in *Davis* are distinguishable from Debtor's situation in that no final judgment was entered in the underlying foreclosure action in *Davis*.

5

August 5, 2022 which found that Debtor failed to rescind the loan.[2]

Having found the Chapter 13 Trustee established "cause" under 11 U.S.C. § 1307(c) for dismissal of this chapter 13 case in that Debtor cannot confirm a feasible chapter 13 plan, the Court entered an Order on February 2, 2024 dismissing Debtor's second chapter 13 case. *See* Order Dismissing Chapter 13 Case dated February 2, 2024 ("Dismissal Order") [Case No. 8-23-72869, Dkt. No. 92]. Debtor appealed the Court's Dismissal Order on February 16, 2024.

Pursuant to the Memorandum and Decision dated August 30, 2024, U.S. District Court Judge Choudhury dismissed Debtor's appeal of the stay relief order and the Dismissal Order. Judge Choudhury noted that Debtor failed to prosecute his appeal of the Dismissal Order in the five months the appeal was pending despite the District Court's repeated instructions, orders, and warnings. *See* U.S. District Court Memorandum Decision and Order dated August 30, 2024, at 8-9 [Case No. 8-23-72869, Dkt. Nos. 107-112]. Judge Choudhury also found Debtor's "repeated filings of bankruptcy actions right before scheduled foreclosure sales raises an inference of bad faith." *Id.* at 9.

---

[2] In the Short Form Order, dated August 5, 2022, the Supreme Court of the State of New York, County of Nassau made the following findings:

> Here, the defendants' motion for leave to renew and reargue the 9/24/19 order asserts, in sum, that the plaintiff failed to provide disclosure in accordance with the federal Truth in Lending Act and that they timely exercised their discretion to rescind the loan agreement under that law. However, the 4/8/14 letter upon which they rely . . . was not part of their original motion . . . and no reasonable justification for its omission has been provided . . . . Conversely, the plaintiff's initial motion included verification that the disclosure had, in fact, been provided to the defendants on 10/19/12 . . . . The record therefore establishes that the defendants failed to rescind the loan.
>
> In addition, the referee's 2/18/20 report is substantially supported by the record including the 12/5/19 affidavit of the plaintiff's representative, Christopher Randolph, which is premised upon his personal knowledge and accompanying documentary evidence.
>
> Accordingly, the defendants' motion, pursuant to CPLR 2221[d] and [e] and 4403, for leave to renew and reargue their motion to compel and reject the referee's report are denied and the plaintiff's motion, pursuant to CPLR 4403 and RPAPL § 1351, to confirm the referee's report and for a Judgment of Foreclosure and Sale is granted.

*See Opposition to Debtor's Motion to Disallow Proof of Claim of SN Servicing Corporation*, Ex. A. [Case No. 8-23-72869, Dkt. No. 53].

C.  <u>Pending Action before the U.S. District Court</u>

While Debtor's appeals of the Dismissal Order and the stay relief order were pending, Debtor commenced a separate action on April 5, 2024 in the U.S. District Court, Case No. 2:24-cv-92582-GRB-SIL ("U.S. District Court Action"), against the State of New York, Justice David P. Sullivan, Maureen O'Connell, the Nassau County Clerk, and various attorneys, including the Mortgagee's attorneys and Debtor's own attorney in the foreclosure action and first bankruptcy case. Debtor did not name the Mortgagee or servicer as a defendant in the U.S. District Court Action. In the meantime, the Mortgagee scheduled a foreclosure sale of the Property for October 21, 2024.

On October 15, 2024, Debtor filed an *ex parte* emergency motion seeking a temporary restraining order to halt the foreclosure sale. Pursuant to the Report and Recommendation, dated October 16, 2024 and entered on October 17, 2024, Magistrate Judge Locke recommended that Debtor's request for a temporary restraining order be denied due to Debtor's procedural failure to provide notice of his request for a temporary restraining order and failure to identify an applicable exception to the Anti-Injunction Act, which preludes a federal court from granting an injunction to stay proceedings in a state court. 28 U.S.C. § 2283. Having failed in his effort to stay the scheduled foreclosure sale, Debtor again turned to this Court to seek the benefit of the automatic stay.

D.  <u>The Third Chapter 13 Case</u>

Debtor filed his third chapter 13 case on October 17, 2024, which implicated the automatic stay under 11 U.S.C. § 362(a). Accordingly, the October 21st foreclosure sale was canceled. On October 23, 2024, the Trustee filed this Motion to dismiss Debtor's third chapter 13 case with prejudice with a bar to refiling another chapter 13 case for a period of 180 days.

In the Statement of Financial Affairs filed in his third chapter 13 case, Debtor stated he was not married and yet his Schedule I: Your Income indicates that he is not employed

7

and receives $3,736.48 in income from his non-filing spouse. [Dkt. No. 13]. Debtor also failed to disclose in his Statement of Financial Affairs any litigation to which he was a party in the preceding one-year period, including the trial court and appellate proceedings in respect of the foreclosure action and the U.S. District Court Action he had commenced in April of 2024 and which is currently stayed by his third bankruptcy filing. *Id.* On November 1, 2024, despite entry of the Judgment of Foreclosure and Sale, which set forth the indebtedness owed to the Mortgagee, and this Court's December 8, 2023 Order denying Debtor's objection to the Mortgagee's proof of claim in Debtor's second chapter 13 case, Debtor filed proofs of claim on behalf of JPMorgan Chase and SN Servicing Corp. asserting these entities have a claim in the amount of $0.00. [Dkt. Nos. 14, 15]. On November 4, 2024, Debtor filed his chapter 13 plan [Dkt. No. 19], which proposes to pay "$0.00" for a period of 60 months. On November 10, 2024, Debtor filed a Notice of Cancellation with this Court arguing that he had previously exercised a right of recission and cancelled the mortgage indebtedness on April 8, 2014. [Dkt. No. 22]. However, as noted above, the state trial court specifically found that Debtor failed to rescind the mortgage loan.

On November 12, 2024, Debtor failed to appear at the initial meeting of creditors held pursuant to 11 U.S.C. § 341 and submit to an examination under oath as required under 11 U.S.C. § 343. As discussed above, Debtor responded to the Trustee's Motion with "Notice of Cross Motion with Answer" [Dkt. No. 26], which accuses JP Morgan Chase Bank with wrongdoing but does not address the substantive issues raised in the Chapter 13 Trustee's Motion. On November 15, 2024, the Mortgagee filed a motion seeking, among other things, immediate relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) and prospective *in rem* relief from the automatic stay with respect to the Property pursuant to 11 U.S.C. § 362(d)(4) for a period of two years ("In Rem Motion"). [Dkt. No. 28]. The Mortgagee also filed a limited objection [Dkt. No. 30] requesting that the Court adjourn the Chapter 13

Trustee's Motion until the Court issues a determination on the Mortgagee's In Rem Motion. On November 19, 2024, Debtor filed an objection to any claims the Mortgagee and its counsel may have. The Court held a hearing on November 21, 2024 on the Trustee's Motion and the Mortgagee's In Rem Motion and considered carefully the arguments and submissions of the parties. The Court granted the Mortgagee's In Rem Motion and entered a Memorandum Order dated December 10, 2024. [Dkt. No. 34]. The Court also found that the Trustee's Motion to dismiss this latest chapter 13 filing should be granted with prejudice.

III. <u>Discussion</u>

"The principal purpose of the Bankruptcy Code is to grant a 'fresh start' to the 'honest but unfortunate debtor.'" *Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 367 (2007) (quoting *Grogan v. Garner*, 498 U.S. 279, 286 (1991)). However, "[t]he filing of a bankruptcy petition merely to prevent foreclosure, without the ability or the intention to reorganize, is an abuse of the Bankruptcy Code. Serial filings are a badge of bad faith, as are petitions filed to forestall creditors." *In re Casse*, 198 F.3d 327, 332 (2d Cir. 1999) (quoting *In re Felberman*, 196 B.R. 678, 681 (Bankr. S.D.N.Y. 1995)). "Evaluation of whether a debtor had 'bad faith in filing and maintaining a Chapter 13 case requires a careful examination of the totality of the circumstances on a case-by-case basis.'" *Wenegieme v. Macco*, 580 B.R. 17, 22 (E.D.N.Y. 2018) (quoting *In re Tornheim*, 239 B.R. 677, 686 (Bankr. E.D.N.Y. 1999)). Bad faith in chapter 13 cases have been found under the following circumstances:

1) the debtor has few or no unsecured creditors;
2) the debtor has previously filed for bankruptcy;
3) the debtor's prepetition conduct was improper;
4) the debtor's petition allows him or her to evade court orders;
5) the debtor has few debts to non-moving creditors;
6) the petition was filed on the eve of foreclosure;
7) the foreclosed property was the sole or major asset of the debtor;
8) no possibility exists for reorganization;
9) the debtor's income is insufficient to operate;
10) there is no pressure from non-moving creditors;

> 11) reorganization essentially involves the resolution of a two-party dispute; and
>
> 12) the debtor filed solely to obtain an automatic stay.

*Plagakis v. Gelberg (In re Plagakis)*, No. 03 CV 02728(SJ), 2004 WL 203090, at *4 (E.D.N.Y. Jan. 27, 2004) (citing *In re Powers*, 135 B.R. 980, 981 (Bankr. C.D. Cal. 1991)).

A court may, on request of a party in interest and after notice and a hearing, dismiss a chapter 13 case pursuant to 11 U.S.C. § 1307(c) for "cause", such as "unreasonable delay by the debtor that is prejudicial to creditors." 11 U.S.C. § 1307(c)(1). Where a bankruptcy case was filed in bad faith, the Court may dismiss the case with prejudice to a bar to refiling for 180 days or more pursuant to 11 U.S.C. §§ 105(a) and 349(a) to protect against abuses of the bankruptcy process by such bad faith filings. *Casse*, 198 F.3d at 340 (finding 11 U.S.C. §§ 105(a) and 349(a) provide bankruptcy courts with the authority to dismiss a case with prejudice and bar a debtor from refiling a bankruptcy petition). "Whether to dismiss a case with prejudice is committed to the sound discretion of the court." *In re Montalvo*, 416 B.R. 381, 388-89 (Bankr. E.D.N.Y. 2009) (dismissing case with prejudice for one year); *see also Weneigieme*, 580 B.R. at 23 (finding that debtor's serial filing to preserve property without complying with debtor's duties under the Bankruptcy Code warranted dismissal with prejudice for one year).

With the history of Debtor's filings before this Court and the U.S. District Court, the Court finds a pattern of multiple bankruptcy filings coupled with Debtor's failure to properly prosecute his bankruptcy cases, by among other things, proposing and confirming a feasible repayment plan. First, each of the filings were designed to stay a scheduled foreclosure sale. As stated above, Debtor first filed for chapter 13 relief on December 5, 2022 to stay the Mortgagee's foreclosure sale scheduled for December 7, 2022. Debtor filed his second chapter 13 case on August 7, 2023 after the state court denied his application for a temporary restraining order to stop the foreclosure sale scheduled for August 8, 2023. Debtor then filed

this third bankruptcy case on October 17, 2024, after the U.S. District Court issued a report and recommendation earlier that day recommending denial of his request for a temporary restraining order to stop the foreclosure sale scheduled for October 21, 2024. Moreover, as noted by U.S. District Court Judge Choudhury, Debtor's repeated filings on the eve of a foreclosure sale raises an inference of bad faith. In this third bankruptcy case, Debtor has not provided evidence to rebut the inference of bad faith drawn from his multiple bankruptcy filings on the eve of three scheduled foreclosure sales.

Second, Debtor filed this third chapter 13 case not for the purpose of proposing a confirmable repayment plan but rather to stop the legitimate efforts of the Mortgagee in the exercise of its rights under the Judgment of Foreclosure and Sale while maintaining, as he has done repeatedly in the past, that the Judgment of Foreclosure and Sale must be vacated – relief that he is simultaneously seeking in the U.S. District Court Action. As noted above, in Debtor's second chapter 13 case, this Court denied Debtor's objection to the Mortgagee's proof of claim and granted Mortgagee's request for relief from the automatic stay as to the Property in part because lower federal courts lack subject matter jurisdiction under the *Rooker-Feldman* Doctrine to review the Judgment of Foreclosure and Sale issued by the state court. Yet, in this latest chapter 13 case, Debtor preemptively filed a proof of claim on behalf of the Mortgagee listing its claim as $0.00. Debtor's Schedule E/F lists $12,066.12 in general unsecured debt, most of which consists of utility bills and college tuition, presumably for one of his children, but Debtor proposes to pay his creditors nothing under his chapter 13 plan over the five year plan payment period. That, coupled with his filing of proofs of claims on behalf of the secured creditors asserting $0.00 amount owed, demonstrate that Debtor did not file this chapter 13 case to reorganize his debts but rather to delay the Mortgagee as long as possible while he hopes to find a forum that would revisit his TILA argument and vacate the Judgment of Foreclosure and Sale.

Debtor's response to the Trustee's Motion was to allege wrongdoing on the part of JP Morgan Chase. Debtor does not deny he filed for bankruptcy each time to stop a scheduled foreclosure sale and has no intentions of making any payments on the mortgage either outside of a chapter 13 plan or through the plan to become current. The Court has already found that the timing and sequence of Debtor's three bankruptcy filings are part of a scheme to hinder, delay or defraud the Mortgagee and prevent the Mortgagee from exercising its rights and remedies with respect to the Property. [Dkt. No. 34]. Accordingly, the Court granted the Mortgage immediate and prospective *in rem* relief from the automatic stay as to the Property, which is Debtor's only major asset. There is no purpose to continuing this chapter 13 case. Accordingly, the Trustee has demonstrated that this bankruptcy case was filed in bad faith and, under the circumstances, cause also exists for this case to be dismissed with prejudice to Debtor refiling another chapter 13 petition within a period of 180 days.

As the Court previously noted at the November 21, 2024 hearing, a dismissal with prejudice pursuant to this Memorandum Order would not preclude Debtor from filing a chapter 7 case to obtain discharge of debts nor seek relief from the bar order in this Memorandum Order in a subsequent chapter 13 filing should Debtor be able to demonstrate changed circumstances or good cause shown.

IV.  Conclusion

Based upon the foregoing, the Chapter 13 Trustee's Motion is granted to the extent provided herein. Pursuant to the provisions of 11 U.S.C. §§ 105(a), 349(a) and 1307(c), this chapter 13 case is dismissed with prejudice, and Debtor is prohibited from filing another petition under chapter 13 of the Bankruptcy Code for a period of one hundred eighty (180) days from the date of this Memorandum Order without prior approval of the Court after

application and a hearing on notice to creditors.

So Ordered.

Dated: December 20, 2024
Central Islip, New York



Louis A. Scarcella
United States Bankruptcy Judge