**Friedman Vartolo, LLP**
1325 Franklin Ave., Suite 160
Garden City, New York 11530
(212) 471-5100
Michael T. Rozea, Esq.

*Attorneys for Secured Creditor*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
In re:

    Garrett Bernard Tupper, Jr.,                Chapter 13
                                                                     Case No. 24-73979-las

                              Debtor.
-------------------------------------------------------x

**OPPOSITION TO DEBTOR'S MOTION TO REOPEN CHAPTER 13 CASE AND JOINDER IN SUPPORT OF CHAPTER 13'S AFFIDAVIT IN OPPOSITION**

        SN Servicing Corporation as servicer for U.S. Bank Trust National Association, as Trustee of the Dwelling Series IV Trust ("SN"), by its undersigned counsel, Friedman Vartolo, LLP, respectfully submits this opposition (the "Opposition") to Garrett Bernard Tupper, Jr's (the "Debtor") Motion, dated January 2, 2025 (the "Motion"), which seeks to Reopen the Chapter 13 Case. In support of this Opposition, SN respectfully states as follows:

**PRELIMINARY STATEMENT**

        SN is compelled to file this Opposition to ensure that Debtor's case is not reopened and the automatic stay is not imposed with respect its secured lien on the property located at 537 Liberty Avenue, Williston Park, NY 11596 ("Property") as SN previously obtained an order granting in rem relief from the automatic stay on November 15, 2024 ["In Rem Order", dkt. no. 28][1]. Here the Debtor has not demonstrated a sufficient reason, basis or change of circumstance which warrants a reopening of his bankruptcy case, and as such, SN respectfully requests that the Court deny the Debtor's Motion, or if

---

[1] SN hereby incorporates the arguments made in the Motion for Relief ["Motion", dkt. no. 28] and all exhibits by reference.

inclined to grant, that the order specifically sets forth that the automatic stay is not re-imposed with respect to SN's interest in connection with the Property.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. On October 17, 2024 (the "Petition Date"), the Debtor filed a *pro se* voluntary petition for relief under Chapter 13 of Title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code") with the United States Bankruptcy Court for the Eastern District of New York (the "Court").

3. Prior to the Petition Date, on or about October 19, 2012, the Non-Filing Co-Borrower, Aileen Tupper, promised to repay $291,675.00 plus interest to JPMorgan Chase Bank, N.A. (the "Consolidated Note"). To secure the repayment of the Consolidated Note, the Debtor and Non-Filing Co-Borrower, Aileen Tupper, executed a Mortgage (the "Mortgage," Note and Mortgage, collectively, the "Loan") in favor of JP Morgan Chase Bank, N.A., which was recorded on November 14, 2012, in the Nassau County Clerk's Office in Book M 37939 on Pages 912 et seq. as Instrument No. 532 regarding the property located at 537 Liberty Avenue, Williston Park, NY 11596. To secure the repayment of the Loan, on or about October 19, 2012, the Debtor and Non-Filing Co-Borrower, Aileen Tupper, entered into a Consolidation, Extension, and Modification Agreement (the "Consolidation, Extension, and Modification Agreement"). The Debtor and Non-Filing Co-Borrower entered into a Modification Agreement, which was signed on May 3, 2017. The Loan was subsequently assigned to Movant (the "Assignment of Mortgage").

4. Prior to the Petition Date, the Debtor failed to make the monthly mortgage payments

pursuant to the loan documents, and a foreclosure action was commenced in the Supreme Court of the State of New York, County of Nassau, under index number 614054/2018. Subsequently, a Judgment of Foreclosure and Sale ("JFS") was entered on August 8, 2022.

5.      Before SN could take the appropriate steps to finalize a foreclosure sale, on December 5, 2022, Debtor filed a petition under Chapter 13 of the Bankruptcy Code, Case No. 22-73436-las. The case was dismissed per an Order entered on March 9, 2023.

6.      Debtor filed another petition under Chapter 13 of the Bankruptcy Code, Case No. 23-72869-las, on August 7, 2023. Debtor filed a Motion to Object and Disallow Creditors on September 25, 2023, followed by a Motion to Disallow Claims, including SN's claim, on October 20, 2023. SN filed a Motion for Relief from Stay on October 23, 2023, which was granted via an Order entered on December 7, 2023. The case was dismissed per an Order entered on February 2, 2024. Debtor filed a Notice of Appeal of the dismissal on February 16, 2024, which was denied on September 3, 2024.

7.      Debtor filed yet another petition under Chapter 13 of the Bankruptcy Code, Case No. 24-73979-las, on October 17, 2024 (the "Instant Bankruptcy Case").

8.      SN filed a Motion Seeking Prospective In rem Relief on November 15, 2024 and Debtor filed an Objection to SN's Motion on November 19, 2024.

9.      After a hearing held on November 21, 2024, the Court entered the In Rem Order on December 10, 2024.

10.     On January 2, 2025, the Debtor filed his Motion.

11.     On January 16, 2025, the Trustee Chapter 13 Trustee filed his Affidavit in Opposition to the Debtor's Motion on account of Debtor's misstatements of fact, falsified claims, and non-pursuit of its appeal in state court.

**OPPOSITION**

12. The Debtor has submitted no basis to reopen his bankruptcy case and any re-imposition of the automatic stay would only serve to frustrate SN's rights, particularly in the instant case where the In Rem Order has been entered after three unprosecuted filings.

13. In addition, Debtor has submitted no change of facts or any other basis to have the automatic stay re-imposed.

14. Accordingly, Debtor's request provides no information upon which there is a basis to re-impose the automatic stay and the Motion should be denied in its entirety.

**JOINDER**

15. For the reasons set forth above, Secured Creditor joins with the arguments and points raised in the Trustee's Opposition and submits there is absolutely no basis to Debtor's Motion.

**CONCLUSION**

WHEREFORE, SN respectfully requests that this honorable Court deny Debtor's Motion and grant such other further, different relief as is just and proper.

Dated: February 3, 2025
      Garden City, New York

      **Friedman Vartolo, LLP**
      Attorneys for the Secured Creditor

By: ***/s/ Michael Rozea***
     Michael T. Rozea, Esq.
     1325 Franklin Ave., Suite 160
     Garden City, New York 11530
     (212) 471-5100